IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NATIONAL VENTURES MACON, LLC    :

                                :
            Plaintiff,          :
                                :
vs.                             :    Civil Action No. _____
                                :
BLEAKLY ADVISORY GROUP, INC.    :    **5 : 0 6 - C V - 0 8 6**
and THE CITY OF MACON, GEORGIA  :
                                :
            Defendants.         :

## COMPLAINT

**COMES NOW,** National Ventures Macon, LLC ("NVM"), the Plaintiff in the above

styled action, and hereby files its Complaint, with attached Verification, against the

Defendants respectfully showing this Court as follows:

**1.**

NVM is a Limited Liability Corporation, duly authorized and existing under the laws

of the State of Delaware and authorized to do business in the State of Georgia with its

principal place of business located at 2381 Briarleigh Way, Atlanta, GA 30338.

**2.**

Defendant, Bleakly Advisory Group, Inc., ("Bleakly") is a Georgia for-profit

corporation whose principal address is 4681 Tall Pines Drive, N.W., Atlanta, Georgia

30327. Bleakly's registered agent is Kenneth D. Bleakly, Jr., whose address is 5600

Roswell Road, Suite 300, Atlanta, Georgia 30342, Fulton County, Georgia and may be

served with summons and complaint at said address. Defendant Bleakly is subject to the

jurisdiction and venue of this court.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**3.**

The City of Macon, Georgia is a municipal corporation existing under the laws of the state of Georgia. The City of Macon, Georgia ("City of Macon") is subject to the jurisdiction and venue of this court and may be served with complaint and summons by delivering a copy of the summons and complaint to its Chief Executive Officer, Mayor C. Jack Ellis, whose address is 700 Poplar Street, Macon, Georgia, 31201.

**4.**

Jurisdiction and venue are proper in this Court by virtue of the federal question presented concerning the denial of the Plaintiff's rights guaranteed under the Fourteenth Amendment of the United States Constitution and violation of the Plaintiff's due process rights as guaranteed by the United States Constitution and remedied under 42 USC §1983, among other statutes, and under 28 USC §1331, setting forth jurisdiction as appropriate in this Court. Further, venue is appropriate in this Court because of the acts complained of and conduct of the parties has occurred within the Middle District of Georgia.

## FACTS AND HISTORY

**5.**

Paragraph nos. 1-4, set forth herein above, are incorporated and realleged as if fully set forth herein below.

**6.**

NVM is an entity formed for the purpose of operating as the developer of a hotel in Macon, Georgia, specifically to construct a convention headquarters hotel adjacent to or near the Edgar H. Wilson Convention Center (the "Convention Center"). The concept for NVM

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 2 -

was for the development of a Sheraton Macon Hotel adjacent to the Convention Center site, to, among other things, enable the City of Macon to attract more convention related business and delegates and patrons to more fully utilize the area's convention based facilities in the City of Macon.

7.

NVM's principal, Robert L. Schwartz ("Mr. Schwartz") was solicited for his involvement, due to his extensive expertise in the hotel industry, for the development of a hotel adjacent to the Convention Center site ("The Project").

8.

NVM's work on the Project involved the retention of architects, general contractors, interior designers, legal counsel, bond counsel, bond underwriters, hotel operators, project consultants, engineers for feasibility and others to evaluate the needs presented by the Project and to amass the requisite professionals with the expertise necessary to meet the demands of the Project.

9.

On August 12, 2005, the City of Macon issued a Request For Proposal ("RFP") for development of the hotel adjacent to the Convention Center site. The RFP process, as set out in the City of Macon City Code Section 16-5.2 ( the "Code"), was to be as follows: a recommendation was to be given by a selection committee chosen by the mayor, the mayor gives his approval of the recommendation, and the council approves or disapproves the mayor's choice. Macon City Council's June 7, 2005 Resolution further states that "Respondent [singular] with the qualifications and proposals most favorable to the City shall be chosen by Resolution of the Mayor and Council."

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 3 -

**10.**

On August 24, 2005, NVM submitted to the City of Macon its response to the RFP ("NVM Proposal") and specifically addressed all of the issues and requirements in question presented by the RFP. The NVM Proposal provided for a hotel adjacent to the Convention Center on the private property owned by Mr. Earl Barrs.

**11.**

On September 8, 2005, Noble Investment Group, LLC ("Noble") issued its response to the RFP for the Project ("Noble Proposal"). This response was for a hotel to be built immediately next to and on the same property as the Convention Center, rather than adjacent to the Convention Center.

**12.**

Noble's Proposal attempted to address certain of the requirements for the RFP but were not as complete, thorough or specific as NVM's proposal. Specifically, among other ways, the RFP requested financial statements which were not provided by Noble.

**13.**

After the time period for respondents to submit their responses to the RFP expired, both NVM and Noble were given copies of each other's responses.

**14.**

In accordance with the Code, the Defendant, the City of Macon, through its Mayor, C. Jack Ellis, authorized and effectuated the appointment of a fifteen (15) member commission (the "Selection Committee") for the purpose of evaluating the NVM Proposal and the Noble Proposal submitted in response to the RFP. The Selection Committee

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 4 -

appointed by Mayor Ellis included various business, real estate, elected officials and community leaders assembled for the purpose of aiding the City of Macon in evaluating and determining which proposal was in the best interest of the City of Macon.

**15.**

The Selection Committee allowed NVM and Noble to make a presentation of each of their proposals. After significant investigation and a lengthy presentation to the Selection Committee, the Selection Committee voted 15 to 0 in favor of the NVM Proposal.

**16.**

In compliance with the Code, Mayor Ellis then received the recommendation of the Selection Committee and, after due consideration and consistent with the decision of the Selection Committee, gave his approval of NVM as the superior choice for the City of Macon.

**17.**

NVM, having fully and completely complied with all the requirements of the RFP, then moved and continued to prepare itself to be the contracting party with the City of Macon for the development of the Project. NVM has expended significant funds and resources for the purpose of responding to the RFP and to place itself in a position to be the successful bidder on the Project in reliance that the selection process would be conducted fairly. Once the RFP selection process was concluded, NVM expended significant resources because the negotiation process had begun with NVM as the selected winner.

**18.**

**LAW OFFICES**
**HALL, BLOCH,**
**GARLAND & MEYER, LLP**
**P.O. BOX 5088**
**MACON, GEORGIA**
**31208-5088**

After the 15 to 0 vote in favor of NVM by the Selection Committee, the matter was referred to the Macon City Council to vote whether to approve the Selection Committee's

- 5 -

recommendation and the Mayor's approval of NVM to be the contracting party with the City of Macon for the Project.

**19.**

After the Selection Committee vote in favor of the NVM Proposal and against the Noble Proposal, but prior to the Macon City Council voting whether to approve NVM to contract with the city as a developer for the Project, Macon City Council passed a resolution for the City to retain and employ a consultant for the purpose of providing an analysis and comparison of NVM and Noble.

**20.**

Notwithstanding the understood purpose that the Selection Committee was to evaluate the two proposals from NVM and Noble to make a determination of the one that was in the best interest of Macon, Macon City Council nevertheless employed Defendant Bleakly Advisory Group, Inc., to reevaluate the two proposals submitted for the Project and, in essence, open up a new RFP process for the sole consumption and benefit of the Macon City Council.

**21.**

After the employment of Bleakly by the Macon City Council, Bleakly met with the principals of NVM and, presumably met with the principals of Noble. Further, Bleakly presumably reviewed the documents and materials relative to the Project, not only those presented by the NVM and Noble Proposals, but other materials that Macon City Council made available to Bleakly for the purpose of verifying the representations made by NVM as the successful respondent before the Selection Committee on the Project.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 6 -

**22.**

For purposes of Bleakly's evaluation, Bleakly necessarily needed to understand the NVM Proposal, the basis for financing of same, confirmation of financial and other data presented as part of the proposal and total cost, exposure and risk presented to the City of Macon concerning the Project.

**23.**

Further, to ensure fairness to the respondents to the RFP, the information presented by Bleakly and the basis for evaluation of the two competing proposals by NVM and Noble would necessarily be based upon the specific information found in each of the two responses to the RFP.

**24.**

On February 27, 2006, Bleakly presented its "Evaluation of Convention Center Hotel Proposals Submitted by National Ventures Macon, LLC and Noble Investment Group" ("Bleakly Evaluation"). The Bleakly Evaluation was a presentation of 39 slides to the Macon City Council during a work session.

**25.**

On March 1, 2006, the Property Committee received the Bleakly Evaluation slide show which necessarily purported to fairly and earnestly portray the NVM Proposal and Noble Proposal and compare the same.

**26.**

Contrary to the anticipation and reasonable reliance by NVM that its Proposal would be fairly and accurately related to Macon City Council and its committees via the Bleakly

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 7 -

Evaluation, the Bleakly slide show and presentation misrepresented NVM's Proposal to become the developer of the Project.

**27.**

By way of example, Bleakly presented on slide/page 13 of the Bleakly Evaluation that the NVM Proposal included a $31,065,000.00 gross bond issue, issued by the Macon-Bibb County Urban Development Authority. Juxtaposed to said information, the Bleakly Evaluation set forth that the Noble Proposal included a $9,400,000.00 gross bond issue to be issued by the Macon- Bibb County Urban Development Authority. However, of great significance, the Bleakly Evaluation failed to inform that the gross bond issue under the NVM Proposal was in the form of tax increment financing bonds (which present no future payment obligations by the City of Macon) versus the Noble Proposal of $9,400,000.00 in general obligation bonds which do require the City of Macon to ensure payment to bond holders. Further compounding the problem of the failure to inform of the significant distinction between the two bond issues was the Bleakly Evaluation misstatement of "If hotel cash flow is not sufficient, City responsible if bonds default." While this incorrect information constituted a misrepresentation of the NVM Proposal, it further operated to misrepresent the overall NVM Proposal compared to the Noble Proposal in that it incorrectly attempted to equate the two proposals, as to the type of bonds to be issued.

**28.**

In addition to the foregoing, the Bleakly Evaluation failed to accurately relate to Macon City Council the details and import of the Noble Proposal such that said failure and misrepresentations artificially enhanced the Noble Proposal.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 8 -

**29.**

In addition to the foregoing, the Bleakly Evaluation misstated, misrepresented and inaccurately reflected critical facts concerning each of the NVM and Noble Proposals. Further, the misstatements, misrepresentations and inaccuracies failed to properly set forth the distinctions between the NVM and Noble Proposals and the necessary comparisons thereof.

**30.**

By way of further example, the Bleakly Evaluation misrepresented on slide/page 26 that the "City invests $31.1 M, loses $2M during 30 year period." Juxtaposed to this incorrect statement, the Bleakly Evaluation states: "City invests $9.4M, gains $25M during 30 year period." This utter failure to properly distinguish the type of funding used for the Project, the misrepresentation that the City "invests" various sums and the misrepresentation that the: "City receives no return on their sizeable investment" with respect to the NVM Proposal further operated as a misrepresentation of the NVM Proposal.

**31.**

By way of further example, the Bleakly Evaluation incorrectly and negligently misrepresented the financial details of the NVM Proposal versus the Noble Proposal. The Bleakly Evaluation misrepresented certain capital investments to be made by NVM versus Noble, failed to properly account for certain revenue for the benefit of the City under the NVM Proposal and misrepresented the losses to the City of Macon attendant to the NVM Proposal.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 9 -

**32.**

As a result of the misrepresentations, misstatements and failings of Bleakly via the Bleakly Evaluation, the NVM Proposal was woefully misrepresented and unfairly characterized in the presentation made by defendant Bleakly to Macon City Council and others.

**33.**

As a direct and proximate result of the Bleakly Evaluation, the Property Committee made its decision and voted in favor of the Noble Proposal. The Property Committee's representations and recommendation to the full council were consistent with and the proximate result of the recommendations contained in the Bleakly Evaluation.

**34.**

On March 7, 2006, the Property Committee, basing its decision on the Bleakly Evaluation, made its recommendation to the full Macon City Council that the Noble Proposal be chosen over the NVM Proposal to act as developer for the Project.

**35.**

In addition to the wrongful conduct set forth herein above, the City of Macon denied the due process rights of NVM by failing to provide a fair selection process and RFP procedures both during and after the issuance of the RFP and evaluation of same in the selection of a hotel project developer.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 10 -

## COUNT ONE

## NEGLIGENCE

### 36.

Paragraphs 1 through 35 set forth herein above, are re-alleged and re-incorporated below as if fully set forth herein below.

### 37.

Defendant Bleakly owed a duty to NVM created by, among other ways, the contract with the City of Macon that resulted in the Bleakly Evaluation. Additionally, Bleakly owed a duty to non-negligently provide information to be used for the guidance of others regarding NVM, and to properly represent the NVM Proposal. Specifically, Bleakly owed to NVM a standard of conduct to accurately, correctly and fairly represent the NVM Proposal so as not to expose NVM to the unreasonable risk of loss of its investment in its quest to be selected as the developer, and for the potential profits that may be derived therefrom. Bleakly owed a duty to NVM to ensure that the recipients of the Bleakly Evaluation (and anyone relying thereon), be able to fairly evaluate the NVM Proposal. Bleakly's violation of these duties was the proximate cause of NVM's loss as set forth herein.

### 38.

Defendant Bleakly has been stubbornly litigious, acted in bad faith, and caused Plaintiff unnecessary trouble and expense in the conduct of the Defendant as set forth herein, for which Plaintiff is entitled to an award of attorney's fees and expenses.

### 39.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

As a direct result of Defendant Bleakly's negligent conduct, Plaintiff has suffered damages in an amount not less than twenty million dollars ($20,000,000.00).

- 11 -

## COUNT TWO

### NEGLIGENT MISREPRESENTATION

#### 40.

Paragraphs 1 through 39 set forth herein above, are re-alleged and re-incorporated as if fully set forth herein below.

#### 41.

Defendant Bleakly's negligent supply of incorrect, false and misleading information constituted a negligent misrepresentation of NVM's Proposal.

#### 42.

Various members of the Macon City Council, members of the public and others relied upon the inaccurate, incorrect and misleading information provided by Bleakly concerning the NVM Proposal.

#### 43.

The expected reliance by various persons or entities upon the misrepresentations by Bleakly has caused damage to NVM.

#### 44.

Implicit in NVM's interactions, dealings and cooperation with Bleakly was the reliance upon the reasonable belief that Bleakly would represent the facts and NVM's Proposal in a fair and non-negligent fashion, which Bleakly failed to do.

#### 45.

Defendant Bleakly owed a duty to NVM created by, among other ways, the contract with the City of Macon that resulted in the Bleakly Evaluation. Additionally, Bleakly owed a duty to non-negligently provide information to be used for the guidance for others

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 12 -

regarding NVM and to not misrepresent the NVM Proposal. Specifically, Bleakly owed to NVM a standard of conduct to not misrepresent the NVM Proposal and not expose NVM to the unreasonable risk of loss, among other things, of its investment in its quest to be selected as the developer, and for the potential profits that may be derived therefrom. Bleakly owed a duty to NVM to ensure that the recipients of the Bleakly Evaluation (and anyone relying thereon), be able to fairly evaluate the NVM Proposal. Bleakly's violation of these duties was the proximate cause of NVM's loss as set forth herein.

**46.**

Defendant Bleakly has been stubbornly litigious, acted in bad faith, and caused Plaintiff unnecessary trouble and expense in the conduct of the Defendant as set forth herein, for which Plaintiff is entitled to an award of attorney's fees and expenses.

**47.**

As a direct result of Defendant Bleakly's negligent misrepresentations, Plaintiff has suffered damages in an amount not less than twenty million dollars ($20,000,000.00).

## COUNT THREE

## THIRD-PARTY BENEFICIARY TO A CONTRACT

**48.**

Paragraphs 1 through 47, set forth herein above, are re-alleged and re-incorporated as if fully set forth herein below.

**49.**

Bleakly entered into a contract with the City of Macon, as set forth herein above, upon which NVM reasonably relied that Bleakly would fairly discharge its duties to its contracting party as well as the third-party beneficiary, NVM.

**LAW OFFICES**
**HALL, BLOCH,**
**GARLAND & MEYER, LLP**
**P.O. BOX 5088**
**MACON, GEORGIA**
**31208-5088**

- 13 -

**50.**

Bleakly violated its duty and breached its obligations to NVM in failing to discharge its obligations under the contract in a non-negligent manner.

**51.**

Bleakly's wrongful conduct violates its duty of good faith and fair dealing owed to NVM (and others) to ensure that Bleakly discharged its obligations under contract with the City of Macon.

**52.**

Defendant Bleakly has been stubbornly litigious, acted in bad faith, and caused Plaintiff unnecessary trouble and expense in the conduct of the Defendants as set forth herein, for which Plaintiff is entitled to an award of attorney's fees and expenses.

**53.**

As a direct result of Defendant Bleakly's negligent conduct in the performance of its contract with the City of Macon, Plaintiff, as a third-party beneficiary to said contract, has suffered damages in the amount not less than twenty million dollars ($20,000,000.00).

## COUNT FOUR

## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

**54.**

Paragraphs 1 through 53, set forth herein above, are re-alleged and re-incorporated as if fully set forth herein below.

**55.**

NVM responded to the RFP, entered into the process of providing a specific Proposal for the Project and expended significant resources all under the reasonable belief and

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 14 -

expectation that Bleakly would properly evaluate and accurately convey the contents of the NVM Proposal.

**56.**

Bleakly acted improperly and without privilege in a manner that injured NVM by inducing the City of Macon not to enter into the development contract consistent with the NVM Proposal.

**57.**

Defendant Bleakly has been stubbornly litigious, acted in bad faith, and caused Plaintiff unnecessary trouble and expense in the conduct of the Defendant as set forth herein, for which Plaintiff is entitled to an award of attorney's fees and expenses.

**58.**

As a result of Defendant Bleakly's intentional interference with the business relations of Plaintiff and the City of Macon, Plaintiff has suffered damages in an amount not less than twenty million dollars ($20,000,000.00).

## COUNT FIVE

## VIOLATION OF CONSTITUTIONAL AND DUE PROCESS RIGHTS

**59.**

Paragraphs 1 through 58, set forth herein above, are re-alleged and re-incorporated as if fully set forth herein below.

**60.**

The City of Macon set forth a specific procedure under which a developer would be selected for the Project. NVM relied upon the City of Macon to follow its procedures set forth in the Code and the RFP and further relied that all duties and obligations attendant to

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 15 -

the bidding and selection process would be performed fairly and without violation of the due process rights of NVM.

**61.**

The June 2005 Resolution for the subject RFP was for the corporate development of a convention hotel adjacent to the Convention Center. Only NVM's Proposal fully provided for a development to meet the requirements of the Project. Further, Noble did not provide the financial statements required by the RFP. As a result, it constituted unfair conduct to allow Noble's Proposal to be considered or accepted for consideration.

**62.**

The Macon City Code does not and did not give the City of Macon authorization to start the RFP process over by the City Council passing a resolution and hiring their own consultant to perform a comparison of all of the respondents to the RFP. The June 7th RFP Resolution states that "Respondent" [in the singular form] shall be chosen by Resolution of the Mayor and council. These actions constitute Macon City Council acting outside the scope of its authority, and thus denied NVM of its due process rights.

**63.**

The Macon City Council lacks the authority to amend the Code or RFP procedures via a resolution. The consultant was hired to give an analysis and comparison of the NVM and Noble Proposals to the Macon City Council so that they could make an independent decision. As such, they have invalidly changed the RFP and its process and denied NVM their constitutional rights.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 16 -

**64.**

At no time did Macon City Council challenge the Selection Committee or the RFP process in general. It was fair and reasonable for NVM to assume that they were through with the selection process and had entered into the negotiation phase such that they continued to expend time and resources in reliance on this reasonable belief.

**65.**

Further, at no time after the presentation of the Bleakly Evaluation was NVM given an opportunity to contest the evaluation or be heard on the indiscrepancies in this matter, thus further violating NVM's due process rights.

**66.**

The process followed and enabled by the City of Macon after Bleakly's appearance and involvement included unfair practices that were arbitrary and capricious and denied NVM's right to fair treatment, fair evaluation and resulted in an entire process that worked undue harm to the Plaintiff.

**67.**

Under the provisions of 42 U.S.C.S. § 1988, Plaintiff seeks attorney's fees as part of its costs of remedying the effects of Defendant City of Macon's conduct.

**68.**

As a direct result of Defendant City of Macon's conduct, Plaintiff has been deprived of its constitutional and due process rights and Plaintiff has suffered damages in an amount not less than twenty million dollars ($20,000,000.00).

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 17 -

## COUNT SIX

### INJUNCTIVE RELIEF

**69.**

Paragraphs 1 through 68, set forth herein above, are re-alleged and re-incorporated as if fully set forth herein below.

**70.**

The Defendant City of Macon's conduct of proceeding to work on the Project that would include the issuance or possible execution of contracts pursuant to the RFP or in furtherance of the Project would work irreparable harm to NVM.

**71.**

The City of Macon's failure to properly follow its own procedures established in the Code, the RFP, and other relevant resolutions, warrant the intervention of this Court to preliminarily and permanently enjoin the City of Macon from further issuing or executing contracts concerning the Project pursuant to the RFP.

**72.**

NVM does not have an adequate remedy at law and is forced to seek the intervention of this Court and prohibition of contracts to be issued by the City of Macon for the Project until the rights of NVM have been determined by this Court.

**73.**

NVM requests that this Court declare that the RFP and process followed by the Defendants was flawed, improper, denied Plaintiff's constitutional rights and caused harm to the Plaintiff. As such, Plaintiff requests that the RFP and process to select a developer for

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 18 -

the hotel development project adjacent to the Convention Center be started anew and conducted fairly and properly.

**WHEREFORE**, the Plaintiff respectfully prays as follows:

A.    That process issue against all Defendants;

B.    That this Court issue an injunction that will enjoin the City from issuing, executing or further offering any contracts for the Project referenced herein;

C.    That the Plaintiff recover against the Defendants in an amount not less than twenty million dollars ($20,000,000.00),  to be proven at trial;

D.    That the Plaintiff have a trial by jury; and

E.    That the Plaintiff have such other and further relief as this Court deems just and proper.

This 17th day of March, 2006.

JOHN FLANDERS KENNEDY
Georgia State Bar No. 414830

CHRISTINA BROSCHE
George State Bar No. 153050

ATTORNEYS FOR PLAINTIFF

Hall, Bloch, Garland & Meyer, LLP
577 Mulberry Street
1500 Fickling & Co. Bldg.
P. O. Box 5088
Macon, GA 31208-5088
(478) 745-1625

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 19 -

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NATIONAL VENTURES MACON, LLC    :
                                :
            Plaintiff,          :
                                :
vs.                             :        Civil Action No. _____
                                :
BLEAKLY ADVISORY GROUP, INC.    :        **5 : 0 6 - C V - 0 8 6**
and THE CITY OF MACON, GEORGIA  :
                                :
            Defendants.         :

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths,

ROBERT L. SCHWARTZ, who on oath states that the information contained in the foregoing

COMPLAINT is true and correct to the best of his knowledge, information and belief.

This __/7__ day of March, 2006.


ROBERT L. SCHWARTZ

Sworn to and subscribed before me
this __17th__ day of March, 2006.

Notary Public

My Commission Expires: __11/22/09__



. K. CROSCH?
Notary Public
STATE OF GEORGIA
My Comm. Exp. 11/22/09
SEAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NATIONAL VENTURES MACON, LLC | BLEAKLY ADVISORY GROUP, INC. and THE CITY OF MACON, GEORGIA |

| (b) County of Residence of First Listed Plaintiff    Delaware LLC | County of Residence of First Listed Defendant    Georgia corporation |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| John Flanders Kennedy/Christina Brosche Hall, Bloch, Garland & Meyer, LLP; P. O. Box 5088; Macon, GA 31208-5088; (478) 745-1625 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 42 USC 1983; U.S. Constitution, 14th Amendment |
|---|---|
| | Brief description of cause: Deprivation of Property and Due Process Rights; Negligent Misrepresentation |

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 20,000,000 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): JUDGE | DOCKET NUMBER 5:06 - CV - 086 |
|---|---|---|

| DATE 3/17/2006 | SIGNATURE OF ATTORNEY OF RECORD _[signature]_ |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # 21743   AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____