**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **NATIONAL VENTURES MACON, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **5:06-CV-86 (CAR)** |
| | : | |
| **BLEAKLY ADVISORY GROUP, INC.** | : | |
| **and THE CITY OF MACON, GEORGIA,** | : | |
| | : | |
| **Defendants.** | : | |

_____

### *ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL*

Currently pending before this Court is Plaintiff's Motion for Voluntary Dismissal [Doc. 36]. Therein, Plaintiff moves the Court to dismiss its lawsuit without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant City of Macon (the "City") filed a response [Doc. 37], arguing that the grant of voluntary dismissal should be conditioned upon Plaintiff's payment of attorneys' fees and costs incurred thus far, prior to any re-filing of this suit. For the following reasons, Plaintiff's Motion is **GRANTED**, subject to the conditions outlined below.

Because the City has filed a responsive pleading, their Motion to Dismiss [Doc. 5], Plaintiff's motion for voluntary dismissal is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides that after the defendant files a responsive pleading, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A district court enjoys broad discretion in permitting a voluntary dismissal under this rule. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). When exercising its discretion, however,

the court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).

Here, the City does not object to the voluntary dismissal, but requests this Court to exercise its discretion and condition the dismissal on the payment of the City's attorneys' fees and costs should Plaintiff re-file this suit against the City. Taking into account the implicit mandate of Rule 41(a)(2) to "do justice between the parties," the Court finds such a condition proper. This Circuit recognizes that ordering payment of attorneys' fees and costs in the event a plaintiff re-files the suit, is a proper "condition" for dismissal under Rule 41(a)(2). See, e.g., Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004); Pontenberg, 252 F.3d at 1259. The Court finds such a condition offers protection to the City from unfairness and, at the same time, does not prejudice Plaintiff in its right to renew its litigation. See Versa Products, Inc., 387 F.3d at 1328.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal [Doc. 36] is **GRANTED**, subject to the condition that, should Plaintiff re-file this suit against the City, Plaintiff shall pay the City's attorneys' fees and costs incurred thus far, prior to such re-filing.

If Plaintiff elects to re-file, Plaintiff must file a motion to re-open this case. The Court will then determine a reasonable amount of attorneys' fees, and upon Plaintiff's payment of such attorneys' fees, Plaintiff may proceed in re-filing this action.

**SO ORDERED**, this 21st day of March, 2007.


                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, JUDGE
                                        UNITED STATES DISTRICT COURT

SSH/ehe